UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFREDO RAIGOSA ARREDONDO,
  Plaintiff,
     v.
GLEN W. OLSON, et al.,
  Defendants.

Case No. 14-cv-04687-HSG (PR)

**ORDER OF SERVICE; ADDRESSING PENDING MOTIONS**

Re: Dkt. Nos. 3, 4, 10, 11

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP") proceeding pro se, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court will serve the amended complaint.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants retaliated against him for engaging in hunger strikes and for filing previous lawsuits against PBSP staff. Plaintiff also alleges that the retaliation placed him at risk of attack from other inmates.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to

2

protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41. A prisoner need not wait until he is actually assaulted to state a claim and obtain relief. See Farmer, 511 U.S. at 845.

Plaintiff alleges that, on August 8, 2013, in retaliation for plaintiff's engaging in hunger strikes and for filing prior lawsuits against PBSP staff, defendant Correctional Officer Thomas Drager yelled in a loud voice into plaintiff's housing unit that plaintiff and two other inmates needed to pack up their property and prepare to move to the debriefer unit.[1] The two other inmates had also been on a hunger strike with plaintiff and had also filed previous lawsuits against PBSP staff. When one of the other inmates responded that he was not a debriefer, defendant Drager stated that they had to move.[2] Plaintiff further alleges that, on August 17, 2013, defendant Correctional Officer Rodney Brunner announced to unidentified floor officers that D-pod is where all the debriefers go. Defendant Brunner's voice was loud enough for other inmates to hear. When another inmate asked defendant Brunner why he would say that, defendant Brunner replied that "the captain had all of [us] on 'shit status' for filing lawsuits and being hunger striker flip floppers." Amended Complaint at 16. Plaintiff believes that defendant Captain Glen W. Olson was the captain that defendant Brunner was referring to. Plaintiff alleges that being referred to as a debriefer in this manner exposed him to harm by other inmates. Liberally construed, plaintiff's First and Eighth Amendment claims are sufficient to proceed against defendants Drager and Brunner.     Plaintiff has failed to present sufficient allegations linking defendant Olson to any constitutional violation; therefore he will be dismissed from this action. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

---

[1] It appears that plaintiff is referring to gang debriefing. See Cal. Code Regs. tit. 15, § 3378.5.

[2] Plaintiff identifies this other inmate as Edward Dumbrique. Mr. Dumbrique has filed an action in this Court alleging substantially similar claims to those in the instant action. See Dumbrique v. Brunner, C 14-2598. The Honorable Phyllis J. Hamilton of this Court issued an Order of Service in that action on November 19, 2014, and the action was reassigned to the undersigned judge on February 13, 2015.

personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Should plaintiff wish to amend his complaint to include defendant Olson, he must do so within **28 days** of the filing date of this Order. Plaintiff is advised that in order to state a cognizable claim against a defendant, he must show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under section 1983. See Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (recognizing that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

Finally, plaintiff claims that defendants Pedroso, James, Navarro, and Chaucer retaliated against him by creating two separate false disciplinary reports, and finding him guilty at disciplinary hearings on each report. Plaintiff asserts that the guilty findings, based on the false reports, resulted in a total of 180 days loss of credits. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Claims challenging the loss of good time credits affect the duration of confinement, and thus, are properly brought in a habeas petition. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). Moreover, plaintiff may not obtain money damages for the allegedly unlawful disciplinary sanctions that include the loss of time credits until and unless the sanctions have been dismissed, invalidated or expunged on appeal or on collateral review. See Edwards v. Balisok, 520 U.S. 641, 645 (1997). Consequently, the claims relating to plaintiff's discipline and resulting loss of credits

4

will be dismissed without prejudice to re-raising them in the proper manner, and at the proper time.

**C.    Motions for Appointment of Counsel**

Plaintiff has filed three motions for appointment of counsel. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The motions for appointment of counsel are therefore DENIED.

**D.    Motion to Compel**

On October 21, 2014, prior to filing his amended complaint, plaintiff filed a motion to compel, in which he sought a court order directing the PBSP Litigation Coordinator to provide a list of the first names of the defendants named herein. Plaintiff subsequently provided the first names in his amended complaint. Accordingly, the motion to compel is DENIED as moot.

**E.    Case Management Statement**

On February 13, 2015, plaintiff was notified that the case was reassigned to the undersigned for all further proceedings. The notice also directed all parties to file a "Case Management Statement" by March 2, 2015. Plaintiff has requested an extension of time (dkt. no. 13) to file his case management statement. Plaintiff is advised that the purpose of the notice of reassignment was mainly to give notice to all parties of the reassignment of the case to this Court. Accordingly, plaintiff need not file a "Case Management Statement" at this time, though he may do so if he is so inclined.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff's claims against defendants Olson, Pedroso, James, Navarro, and Chaucer

are DISMISSED without prejudice. The Clerk shall terminate these defendants from the docket in this action.

  2. Plaintiff's motions for appointment of counsel (dkt. nos. 3, 10, 11) and motion to compel (dkt. no. 4) are DENIED.

  3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 8), and a copy of this order upon **Correctional Officer Thomas Drager** and **Correctional Officer Rodney Brunner** at **Pelican Bay State Prison**.

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

  4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[3]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment

---

[3] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

1 provided later in this order as he prepares his opposition to any motion for summary judgment.

2         c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

     5.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The <u>Rand</u> notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

     6.     All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

     7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This Order terminates Docket Nos. 3, 4, 10, and 11.

**IT IS SO ORDERED.**

Dated: 3/23/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge