United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RAIGOSA ARREDONDO,<br>Plaintiff,<br>v.<br>THOMAS DRAGER, et al.,<br>Defendants. | Case No. 14-cv-04687-HSG (PR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 17 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed a *pro se* amended complaint under 42 U.S.C. § 1983. On March 23, 2015, the Court found that plaintiff stated cognizable claims for retaliation and deliberate indifference to safety as against PBSP Correctional Officers Thomas Drager and Rodney Brunner. Specifically, plaintiff alleged that defendants, in retaliation for plaintiff's engaging in hunger strikes and for filing prior lawsuits, moved plaintiff to a unit for gang debriefers and announced to other inmates that plaintiff was a gang debriefer.

Plaintiff also attempted to name as a defendant PBSP Captain Glen W. Olson ("Olson"). Plaintiff's claims against Olson were dismissed on the ground that there is no vicarious liability under section 1983 and plaintiff did not allege that Olson was personally involved in the constitutional deprivations or that there was a causal connection between Olson's conduct and the constitutional violations. Plaintiff was given leave to amend the allegations against Olson if he could truthfully do so.

Now before the Court is plaintiff's motion to amend his complaint to add allegations against Olson. In his proposed second amended complaint, plaintiff alleges that "housing assignment and bed moves are approved by the captain." Dkt. No. 17 at 1. Nowhere does plaintiff allege that Olson ordered or approved plaintiff's move to a debriefer unit. Plaintiff does

refer the Court to page 35 of his original complaint.  However, plaintiff's page 35 is a copy of a response to plaintiff's administrative appeal, which response states that plaintiff "was not placed in a section that housed debriefers."  See Dkt. No. 1-1 at 10.  Further, nothing in the pleadings or exhibits submitted by plaintiff alleges that Olson announced to other inmates that plaintiff was a debriefer.  Accordingly, the allegations in the proposed second amended complaint are insufficient to state a claim against Olson, and plaintiff's motion to amend is therefore DENIED.  Further leave to amend will not be granted as plaintiff has already amended twice, and it appears that further amendments would be futile.

Plaintiff's January 26, 2015 amended complaint (dkt. no. 8), remains the operative complaint herein.  The dispositive motion briefing schedule set forth in the Court's March 23, 2015 order (dkt. no. 15), remains in effect.

This order terminates Docket No. 17.

**IT IS SO ORDERED.**

Dated: 4/20/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge